UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCCLINTOCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-cv-4055 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| MMIE, LLC ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Michael McClintock petitions us under Section 9 of the Federal Arbitration Act to confirm an American Arbitration Association award in his favor. (Petition to Confirm Arbitration Award ("Petition") (Dkt. No. 3).)[1] MMIE, LLC opposes McClintock's petition and asks us to vacate the award under Section 10 of the Act. (MMIE, LLC's Combined Objection to Petition to Confirm Arbitration Award and Motion to Vacate Arbitration Award (Dkt. No. 11).) In response, McClintock requests that we award him attorneys' fees for defending against MMIE's motion to vacate. (Petitioner Michael McClintock's Response to Respondent's Motion to Vacate Arbitration Award ("McClintock Resp.") (Dkt. No. 14) at 8–9.) For the reasons below, we grant McClintock's petition to confirm the arbitration award, deny MMIE's motion to vacate the award, and deny McClintock's request for attorneys' fees.

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

1

**BACKGROUND**

MMIE, a software company, hired Synectics Media, Inc. to build code and user interfaces for several of MMIE's platforms. (Interim Award on Respondents' Motion to Dismiss ("Interim Award") (Dkt. No. 3-3) at 3–4.) Synectics allegedly induced MMIE to enter three contracts under many false pretenses, including that McClintock was a full-time software developer for Synectics, when in fact he was an independent contractor who had never worked with Synectics before. (*Id.* at 3.) Synectics ultimately delivered poor code, late and over budget. (*Id.* at 4–5.)

MMIE sued Synectics, its founder, and McClintock in the Northern District of Illinois. On all defendants' motions, the court dismissed all claims for improper venue under an arbitration clause in Paragraph 15 of the first contract between MMIE and Synectics (the "Contract"), which was incorporated into the other two contracts. *MMIE, LLC v. Synectics Media, Inc.*, No. 20-cv-3874, 2021 WL 2645570, at *4–6. (N.D. Ill. June 28, 2021); (MMIE Peer-to-Peer Selling Site Build-out ("Contract") (Dkt. No. 3-1) at 11 ¶ 15.) That clause provided that "[a]ny dispute arising under this Agreement will be subject to binding arbitration" before the American Arbitration Association in Michigan. *MMIE*, 2021 WL 2645570, at *4. The court found that although McClintock was not a party to the Contract, he was entitled to enforce the arbitration clause under the doctrine of equitable estoppel because all of MMIE's claims against McClintock either presumed the existence of the Contract or alleged "substantially interdependent and concerted misconduct by both" McClintock and Synectics. *Id.* at *4–6.

After the court's ruling, MMIE filed a statement of claim before the American Arbitration Association in Michigan asserting, in relevant part, that McClintock was liable for (1) fraudulent inducement; (2) common law fraud; (3) conspiracy; and (4) unjust enrichment. (Commercial Arbitration Rules Demand for Arbitration (Dkt. No. 12-2) ¶¶ 67–101, 109–13.)

2

McClintock moved to dismiss the claims against him, and the arbitrator granted McClintock's motion. (Interim Award at 8, 10–15.) The arbitrator found that McClintock could not be liable for breach of contract because he was not a party to the Contract (Interim Award at 8); a contractual non-reliance provision defeated MMIE's fraudulent inducement claims (*id.* at 10–13); the economic loss doctrine barred MMIE's fraud claim (*id.* at 13–14); MMIE could not claim unjust enrichment where express contracts existed (*id.* at 15); and McClintock could not be liable for a conspiracy with his own employer (*id.* at 15–16). The arbitrator thus dismissed every count against McClintock with prejudice and permitted McClintock to submit a request for attorneys' fees. (*Id.* at 16.)

McClintock petitioned for attorneys' fees and costs, and MMIE opposed the request, arguing that McClintock was not entitled to fees. (Claimant MMIE, LLC's Response in Opposition to Respondent Michael McClintock's Petition for Attorneys' Fees and Costs ("MMIE Fee Opp.") (Dkt. No. 12-4) at 2–9.) MMIE did not challenge the amount of McClintock's fees, instead expressing its wish to file a second brief on the reasonableness of fees if necessary. (MMIE Fee Opp. at 2 n.1.) The arbitrator granted McClintock's fee request in its entirety. (Award and Order on McClintock's Petition for Fees and Costs ("Fee Award") (Dkt. No. 3-4) at 4.) The arbitrator explained that under AAA Commercial Arbitration Rule R-47(d), "[t]he award of the arbitrator(s) may include . . . an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." (*Id.* at 4.) The arbitrator found, as relevant here, that fees were "authorized by . . . their arbitration agreement" because Paragraph 16 of the Contract provided that "[i]f litigation or arbitration is necessary to enforce the terms of this Agreement, the prevailing party will be entitled to reasonable attorneys' fees and costs." (*Id.*; Contract at 11 ¶ 16.) The arbitrator reasoned that because the district court

3

had found the arbitration clause in Paragraph 15 applicable to MMIE's claims against McClintock, the fee-shifting clause in Paragraph 16 also applied. (Fee Award at 4–5.) The arbitrator considered and rejected MMIE's argument that the arbitration clause and fee-shifting clause should be treated separately, reasoning that the contractual provisions for arbitration and fee-shifting had to be read in context. (*Id.*) The arbitrator also found that MMIE had waived its right to challenge the amount of McClintock's fees and awarded the fees and costs in full—$70,738.50 in attorneys' fees and $4,821.96 in costs. (*Id.* at 5–6)

## LEGAL STANDARD

Judicial review of an arbitration award is "tightly limited." *Nano Gas Techs., Inc. v. Roe*, 31 F.4th 1028, 1031 (7th Cir. 2022). "The Federal Arbitration Act . . . and the Supreme Court indicate that arbitration awards are largely immune from scrutiny in court." *Id.* (cleaned up). Among the narrow grounds on which we may vacate an arbitration award is "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(4). Under this provision, "[i]t is not enough to show that the arbitrator committed an error—or even a serious error. . . . [A]n arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (cleaned up). If the arbitrator's decision "draws its essence" from the Contract, the arbitrator has not exceeded his authority. *Id.*

If we find no basis to vacate, modify, or correct an arbitration award, we must confirm it. 9 U.S.C. § 9.

ANALYSIS

I.  Confirming or Vacating the Arbitration Award

MMIE argues that we should vacate the arbitrator's award under 9 U.S.C. § 10(a)(4) because the arbitrator exceeded his authority by awarding McClintock attorneys' fees under a Contract to which McClintock was not a party. (MMIE, LLC's Memorandum of Law in Support of Its Objection to Confirmation and Motion to Vacate Arbitration Award ("MMIE Memo") (Dkt. No. 12) at 1–2.) McClintock responds that the arbitrator's award involved interpretation of the Contract and therefore cannot be vacated under the Act's stringent review standard. (McClintock Resp. at 1–5.)[2]

We agree with McClintock that the arbitrator's award of attorneys' fees "drew its essence" from the Contract and therefore did not exceed the arbitrator's authority. The arbitrator expressly considered and interpreted the Contract when concluding that attorneys' fees were appropriate. (Fee Award at 3–5 (quoting paragraphs 15 and 16 of the contract).) The arbitrator ruled that it "can award fees and costs directly under Paragraph 16 . . . ." (*Id.* at 4.) Our conclusion that the arbitrator's fee award was based on its interpretation of the Contract from which it drew its authority is enough to confirm the award. *See, e.g.*, *Standard Sec. Life Ins. Co. of N.Y. v. FCE Benefit Admins., Inc.*, 967 F.3d 667, 674 (7th Cir. 2020) ("The question for decision by a federal court asked to set aside an arbitration award . . . is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting

---

[2] The parties also dispute the validity of the arbitrator's reliance on the American Arbitration Association's rule permitting attorneys' fees upon mutual request as an alternative basis for the fee award and whether the Michigan Arbitration Act curtails that rule for arbitrations in Michigan. (MMIE Memo at 9–11; McClintock Resp. at 6–8.) Because we find that the arbitrator did not exceed his authority by awarding McClintock attorneys' fees based on the Contract, we need not reach these disputes.

the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract.") (citation omitted).

The authorities MMIE cites do not hold otherwise. In *Coast Trading Co. v. Pacific Molasses Co.*, a forty-year-old case from another circuit, the parties submitted a case to arbitration to assess damages for a cancelled commodities purchase contract, and the arbitral forum instead improperly modified the contractual delivery date. 681 F.2d 1195, 1196–98 (9th Cir. 1982). In *Aspic Engineering & Construction Co. v. ECC Centcom Constructors LLC*, a more recent out-of-circuit case, the arbitrator expressly refused to enforce the contract from which it drew its authority. 913 F.3d 1162, 1166–69 (9th Cir. 2019). Neither of these cases is relevant here, where the arbitrator neither ignored the Contract nor addressed a topic not submitted by the parties. Rather, the arbitrator here awarded McClintock's attorneys' fees based on an interpretation of the Contract from which he drew his authority. (Fee Award at 3–4.) And in every other case that MMIE cites, a litigant claimed the arbitrator awarded an unauthorized remedy, but the court nonetheless confirmed the award, which supports our conclusion. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597–98 (1960) (holding that arbitral award of reinstatement and backpay was enforceable even though the collective bargaining agreement that the arbitrator purported to enforce had expired); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 822–26 (2d Cir. 1997) (confirming award that failed to include statutorily mandatory attorneys' fees); *Local 1199, Drug, Hosp. & Health Care Emps. Union v. Brooks Drug Co.*, 956 F.2d 22, 24–26 (2d Cir. 1992) (confirming award over union's objection that the arbitrator awarded employers relief for longer than the contract permitted).

MMIE further argues that the award is procedurally defective because the arbitrator should have allowed MMIE to challenge McClintock's fees in two briefs instead of one. (MMIE

6

Memo at 12–13.) The arbitrator ruled that MMIE waived its right to challenge the amount of fees by submitting a brief that challenged only McClintock's entitlement to fees. (Fee Award at 5.) According to MMIE, however, it preserved its right to file two briefs by declaring that it "reserves the right to challenge the sufficiency of McClintock's accounting of fees" "[i]f . . . this Tribunal ultimately determines an award of attorneys' fees to be appropriate . . . ." (Fee Award at 5; MMIE Memo at 12–13; MMIE Fee Opp. at 3 n.1.)

This procedural ruling was well within the arbitrator's authority. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84–85 (2002) (arbitrator has authority over procedural questions). Regardless, we could not vacate an arbitration award based on a purported procedural defect of this nature. 9 U.S.C. § 10(a) (failure to allow seriatim briefing not among grounds to vacate award); *cf., e.g.*, *DiRussa*, 121 F.3d at 822–23 (confirming arbitration award that failed to include legally mandatory attorneys' fees because claimant did not use the word "mandatory" in brief to arbitrators).

Because MMIE has not shown a basis to vacate the award under 9 U.S.C. § 10(a)(4), we grant McClintock's petition to confirm the ward under 9 U.S.C. § 9. The award finding that McClintock is not liable to MMIE and awarding McClintock $70,738.50 in attorneys' fees and $4,821.96 in costs is confirmed.

**II.     McClintock's Request for Attorneys' Fees**

In his response to MMIE's motion to vacate, McClintock argues that under *Harter v. Iowa Grain Co.*, 220 F.3d 544 (7th Cir. 2000), he is also entitled to the attorneys' fees he incurred defending against MMIE's motion to vacate the arbitration award. (McClintock Resp. at 8–9.) McClintock reads *Harter* to hold that "a party who successfully defeats an opponent's motion to vacate an award is entitled to fees." (*Id.* at 8.) MMIE responds that *Harter* in fact

holds that there is no statutory fee-shifting under the Act. (MMIE, LLC's Reply in Support of Its Objection to Confirmation and Motion to Vacate Arbitration Award (Dkt. No. 15) at 6–7.)

We agree with MMIE. Each party pays its own attorneys' fees unless a statute or contract dictates otherwise. *Harter*, 220 F.3d at 557. As *Harter* explained, "the Federal Arbitration Act does not authorize a district court to award attorneys' fees to a party who successfully confirmed an arbitration award in federal court." *Id.* The *Harter* court affirmed an award of fees for successfully defeating a motion to vacate because the contract at issue in the case authorized such an award, not because there was some categorical rule allowing an award of fees for successfully opposing motions to vacate. *Id.* at 557–58. With no fee-shifting authorized by the Act, McClintock needs to prove a contractual right to the fees he now seeks, but he does not invoke the Contract here. (McClintock Resp. at 8–9 (failing to cite the contract to support his claim for attorneys' fees); *see also* Petition at 3 (not requesting attorneys' fees in his petition).) Because McClintock is not entitled to attorneys' fees by statute and does not argue that the Contract entitles him to these fees, we deny his request for fees.

## CONCLUSION

For the foregoing reasons, we grant McClintock's petition to confirm the arbitration award (Dkt. No. 3), deny MMIE LLC's motion to vacate the arbitration award, (Dkt. No. 11), and deny McClintock's request for attorneys' fees (Dkt. No. 14 at 8–9). All status hearings and deadlines stricken. The clerk is directed to enter judgment in favor of Michael McClintock and against MMIE, LLC. Civil case terminated. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: January 13, 2023